21-2-00171-25
CMP 2
Complaint
11427286

FILED
2021 NOV 24 AM 11:43
VIRGINIA LEACH, CLERK
PACIFIC COUNTY, WA
BY_____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PACIFIC

DELANO MARCIEL THOMAS, an individual,

    Plaintiff,

vs.

PACIFIC COUNTY SHERIFF'S DEPARTMENT, SEAN EASTHAM, in his individual and official capacities; JOHNATHON ASHLEY, in his individual and official capacities; NICHOLAS A. ZIMMERMAN, in his individual and official capacities; ANTHONY KIMBALL, in his individual and official capacities; JESSE ALDEN WESTCOTT and JANE DOE WESTCOTT, husband and wife, and the marital community thereof; and GENEVIEVE MAY and JOHN DOE MAY, husband and wife, and the marital community thereof, etal.

    Defendants.

No: 21-2-00171-25

COMPLAINT FOR DAMAGES

**COMES NOW** the plaintiff, DELANO MARCIEL THOMAS an individual and pro-se litigant, and for federal and state claims against the defendants, allege and complain as follows:

COMPLAINT FOR DAMAGES 1

ORIGINAL

Delano M. Thomas
2113 282nd Lane
Ocean Park, WA 98640
1 (503) 298-1881

## I. INTRODUCTION

1.1 Mr. Delano Marciel Thomas was criminal charged with one count of Assault in The First Degree, a class A Felony, RCW 9A.36.011(1)(a); and one count of Unlawful Possession of a Firearm in the first Degree, a class B Felony, RCW 9.41.010. The Information alleged in Count I that the defendant, on or about November 7, 2019, assaulted Jesse Wescott with a firearm and force and means likely to produce great bodily harm or death. Count II alleged that the defendant knowingly had in his possession or control a firearm, having previously been convicted of a serious offense in the State of California.

1.2 These charges were based upon false reporting and false statements made to law enforcement by Defendants Jesse Alden Westcott and Genevieve May.

1.3 These charges were based upon the failure of law enforcement to investigate the allegations, interview witnesses, preserve exculpatory evidence in favor of plaintiff.

## II. JURISDICTION

2.1 Plaintiff realleges 1.1 through 1.3 and incorporates them herein by this reference.

2.2 The court has jurisdiction pursuant to RCW 2.08.010 because the plaintiff's demand exceeds $300.00.

2.3 The acts and omission given rise to the cause of action occurred in Pacific County, Washington.

2.4 Plaintiff has filed the required tort claim for damages with defendant Pacific County.

2.5 Sixty, (60) days have elapsed since the plaintiff filing of the above indicated tort claim notices in 2.4.

COMPLAINT FOR DAMAGES 2

Delano M. Thomas
2113 282nd Lane
Ocean Park, WA 98640
1 (503) 298-1881

2.6 The jurisdiction of this Court over claims arising under 42 USC §1983 is based on Sintra, Inc. v. City of Seattle, 119 Wn.2d 1, 11, 829 P.2d 765 (2009) (Washington Courts have concurrent jurisdiction with federal courts to hear 42 USC §1983 claims).

### III. PARTIES

3.1 Plaintiff realleges 1.1 through 2.6 and incorporates them herein by this reference.

3.2 Plaintiff, Delano Marciel Thomas resides within Pacific County, Washington.

3.3 Defendant Pacific County Sherriff's Office is a sub-department of Pacific County Washington a municipal corporation and subdivision of the State of Washington. At all times material to this Complaint, defendant Pacific County Sheriff's Office and Pacific County are one in the same defendant.

3.4 Defendant Sean Eastham was at all times material to this Complaint an employee of the Pacific County Sheriff's Office acting within the scope of his employment as a Pacific County Sheriff's Office Deputy. It is unknown where Defendant Sean Eastham resides, but plaintiff believes that he resided within Pacific County, Washington.

3.5 Defendant Johnathon Ashley was at all times material to this Complaint an employee of the Pacific County Sheriff's Office acting within the scope of his employment as a Pacific County Sheriff's Office Deputy Sargent. It is unknown where Defendant Johnathon Ashley resides, but plaintiff believes that he resided within Pacific County, Washington.

3.6 Defendant Anthony Kimball was at all times material to this Complaint an employee of the Pacific County Sheriff's Office acting within the scope of his employment as a Pacific County Sheriff's Office Deputy. It is unknown where Defendant Anthony Kimball resides, but plaintiff believes that he resided within Pacific County, Washington.

COMPLAINT FOR DAMAGES 3

Delano M. Thomas
2113 282nd Lane
Ocean Park, WA 98640
1 (503) 298-1881

3.7 Defendants Jesse Alden Westcott and Jane Doe Westcott are husband and wife, and all acts alleged herein were done for the benefit of the marital community. It is unknown where Jesse Westcott and Jane Doe Westcott reside, but plaintiff believes they reside in Pacific County, Washington.

3.8 Defendants Genevieve May and John Doe May are wife and husband, and all acts alleged herein were done for the benefit of the marital community. It is unknown where Genevieve May and John Doe May reside, but plaintiff believes they reside in Pacific County, Washington.

3.9 Plaintiff alleges that at all times material to this Complaint, defendant Pacific County Sheriff's Office is vicariously liable for each of its employees.

3.10 All acts alleged and complained of occurred in Pacific County, within the Western District of Washington, and all defendants are joint and several.

## IV FACTS

4.1 Plaintiffs realleges 1.1 through 3.10 and incorporates them herein by this reference.

4.2 On/or about November 6, 2019, Mr. Thomas' dog and a neighbor's dog got into a fight. While trying to separate the two dogs Mr. Thomas right arm was injured requiring him to seek out medical care. A bandaged like cast was placed on his right arm by medical staff limiting the use of his right arm.

4.3 On/or about November 7, 2019, Mr. Thomas was home when he called 911 to report that a white male (now known as Jesse Alden Wescott), had showed up at his residence and threatened his life. Mr. Wescott was friends with Naomi Renee Schuyler and come from her residence around the corner from Mr. Thomas residence. Ms. Schuyler owned the other dog that had attacked Mr. Thomas dog the previous night on November 7, 2019.

COMPLAINT FOR DAMAGES 4

Delano M. Thomas
2113 282nd Lane
Ocean Park, WA 98640
1 (503) 298-1881

4.4 Mr. Thomas was in fear for his life as he frantically talked to the 911 Operator explaining how Mr. Wescott threatened that he was in a local fight club and Thomas would be dead. Mr. Wescott then fled from the scene driving a white Chrysler.

4.5 Deputy Zimmerman was dispatched to the Thomas residence to investigate the call for assistance. Mr. Thomas reported to Deputy Zimmerman that he was in fear for his life and worried that Mr. Wescott would return to his property. Deputy Zimmerman instructed Mr. Thomas that if Wescott were to return and confront him and refuse to leave Mr. Thomas property, he (Mr. Thomas) could take reasonable steps to defend himself and his family. Deputy Zimmerman told Mr. Thomas that he could petition for a court order prohibiting Wescott from contacting him. Deputy Zimmerman advised Thomas that he would attempt to contact Wescott regarding this incident and then cleaned the scene.

4.6 While law enforcement was out looking for Mr. Wescott, he had returned to the Thomas residence **armed with a collapsible baton**; and his passenger Genevieve May, who was also **armed with a knife.**

4.7 After pulling up to Mr. Thomas property and getting out of a white Chrysler, Mr. Wescott confronted Mr. Thomas on his property and charged at him with an extended baton. Mr. Thomas still in fear from his earlier encounter with Mr. Wescott had armed himself with a handgun.

4.8 Mr. Thomas felt that Mr. Wescott and Ms. May had returned to his home to harm him and when Mr. Wescott charged at him, Mr. Thomas fired a shot in self-defense striking Mr. Wescott.

4.9 After the shooting, Mr. Thomas again called 911 to report that "he had shot a male who had charged at him with a baton and that he had secured the handgun in the trunk of his vehicle.

COMPLAINT FOR DAMAGES 5

Delano M. Thomas
2113 282nd Lane
Ocean Park, WA 98640
1 (503) 298-1881

4.10 The Pacific County Sheriff's Office dispatched Deputy Eastham to the Thomas residence to respond to a weapons offense. When Deputy Eastham arrived, he observed Wescott lying on the south side of 282nd Ln in front of 2113 282nd Ln. (Mr. Thomas' residence). Ms. May was applying pressure to Mr. Wescott's groin area.

4.11 Mr. Wescott told Deputy Eastham that he had been shot by Thomas as he stood in the street. Deputy Eastham retrieved the .380 handgun from the trunk of Mr. Thomas' vehicle.

4.12 Mr. Thomas explained to Deputy Eastham that he had shot Wescott as Wescott had charged at him with a baton in his hand. Thomas explained that he had been threatened earlier in the day by Wescott and had reported the incident to law enforcement, specifically to Deputy Zimmerman.

4.13 Law enforcement located a collapsible baton lying next to Mr. Wescott which was consistent with Mr. Thomas claims of him being armed.

4.14 Ms. May told Deputy Eastham that Wescott had the baton in his waistband when he was shot but had not taken it out or made any threats with it which contradicted Mr. Wescott's statement to law enforcement.

4.15 Mr. Thomas told Deputy Eastham that Wescott's vehicle was parked close to his home. He stated that Wescott pulled out a baton and came towards him. Thomas told Wescott *"don't do this."* He stated that Wescott "charged" him with the baton in his hand. Thomas stated that Wescott had come into his yard and was about three feet in front of a wood post on the edge of his yard by the street where Wescott was shot.

4.16 Deputy Eastham totally disregarded Mr. Wescott and Ms. May contracting stories on what had occurred, failed to interview witnesses, and speak to Deputy Zimmerman about his

COMPLAINT FOR DAMAGES 6

Delano M. Thomas
2113 282nd Lane
Ocean Park, WA 98640
1 (503) 298-1881

prior communications and instructions to Mr. Thomas, instead he arrested Mr. Thomas who was the victim of an assault by Mr. Wescott and Ms. May.

## V. FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983--Illegal Seizure and Arrest and Monell claims)

Plaintiff realleges 1.1 through 4.16 and incorporates them herein by this reference.

5.1 Plaintiff Delano Marciel Thomas has been deprived of his right to be free from illegal searches and seizures, in violation of the Fourth Amendment of the United States Constitution, under color of state law, in violation of 42 U.S.C. § 1983. Defendants Deputy Sean Eastham, Deputy Sgt. Johnathon Ashley, Deputy Nicholas A. Zimmerman, and Deputy Anthony Kimball actions toward plaintiff violated his constitutional rights guaranteed against state incursion by the Fourth and Fourteenth Amendments of the United States Constitution due to the unreasonable seizure of his person.

5.2 The misconduct described in this claim was objectively unreasonable and undertaken with willfulness and reckless indifference to the rights of others for which an award of punitive damages is warranted.

5.3 At all times herein mentioned, the Pacific County Sheriff's Office had a mandatory duty of care to hire properly and adequately, train, retain, supervise, and discipline Deputy Sean Eastham, Deputy Sgt. Johnathon Ashley, Deputy Nicholas A. Zimmerman, and Deputy Anthony Kimball so as to avoid unreasonable risk of harm to its citizens. With deliberate indifference, the Pacific County Sherriff's Office failed to take necessary, proper, or adequate measures in order to prevent the violation of Plaintiff's rights. All law enforcement defendants knew or should have known that plaintiff's conduct was in self-defense and did not constitute probable cause to

COMPLAINT FOR DAMAGES 7

Delano M. Thomas
2113 282nd Lane
Ocean Park, WA 98640
1 (503) 298-1881

arrest a citizen. This was due in part to inadequate training.

5.4 By virtue of the facts set forth above, and as a result of its policies, practices, customs, and usages, the Pacific County Sheriff's caused Plaintiff to be deprived of his rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, specifically the rights to be free from unreasonable seizures of his person and excessive force.

## VI. SECOND CLAIM FOR RELIEF
### (42 United States Code §1983 -- Judicial Deception)

Plaintiff realleges 1.1 through 5.4 and incorporates them herein by this reference.

6.1 Defendants Deputy Sean Eastham, Deputy Sgt. Johnathon Ashley, Deputy Nicholas A. Zimmerman, and Deputy Anthony Kimball made deliberate falsehoods and acted with disregard for the truth in submitting official sworn reports and failing to file reports outlining exculpatory evidence to the Pacific County Prosecuting Attorney.

6.2 Detective Deputy Sean Eastham, Deputy Sgt. Johnathon Ashley, Deputy Nicholas A. Zimmerman, and Deputy Anthony Kimball acts establish that, but for the dishonesty and omissions in their reports, the criminal charges against Plaintiff would not have occurred.

6.3 Deputy Sean Eastham, Deputy Sgt. Johnathon Ashley, Deputy Nicholas A. Zimmerman, and Deputy Anthony Kimball acts violated Plaintiff's rights protected by United States Constitution, acting under color of state law and in violation of 42 USC §1983.

6.4 As a direct and proximate result of the acts of defendants as complained of herein, Plaintiff suffered great and grievous emotional anguish and loss of freedom and liberty and continues to suffer emotional anguish. Plaintiff incurred legal expenses, fines and court costs in defending against the prosecution and in obtaining his freedom in amount to be proven at trial.

COMPLAINT FOR DAMAGES 8

Delano M. Thomas
2113 282nd Lane
Ocean Park, WA 98640
1 (503) 298-1881

## VII. THIRD CLAIM FOR RELIEF

### (State Law Claim -- Malicious Prosecution)

Plaintiffs realleges 1.1 through 6.4 and incorporates them herein by this reference.

7.1 Said prosecution of the Plaintiff Delano Marciel Thomas was instituted by defendants without probable cause for the institution or continuation of the proceedings. The facts observed by defendants prior to arresting Plaintiff and the matters known to defendants before the instituting of the aforementioned prosecution would not have warranted a reasonable person to believe that any criminal offense had been committed by Plaintiff.

7.2 The proceedings were instituted and continued through malice and were partially abandoned by the State.

7.3 Deputy Sean Eastham, Deputy Sgt. Johnathon Ashley, Deputy Nicholas A. Zimmerman, and Deputy Anthony Kimball acted with malice in drafting and false joint certifying official police reports which they knew to be false, incomplete, and containing misleading information.

7.4 All defendants acted with implied malice by arresting Plaintiff without probable cause.

7.5 By reason of the above, Plaintiff has been brought into public scandal, disrepute and disgrace, and his ability to function properly has been greatly hindered, causing him to suffer emotional trauma and harm.

7.6 As a direct and proximate result of the acts of all defendants as complained of herein, Plaintiff suffered great and grievous emotional anguish and loss of freedom and liberty and continues to suffer emotional anguish. Plaintiff incurred legal expenses, fines and court costs in defending against the prosecution and in obtaining his freedom in amount to be proven at trial.

//

## VIII. FORTH CLAIM FOR RELIEF

**(State Law Claim -- Intentional Infliction of Emotional Distress (Outrage))**

Plaintiff realleges 1.1 through 7.6 and incorporates them herein by this reference.

8.1 All defendants' conduct was intentional, extreme, and outrageous, and caused Plaintiff severe emotional distress.

8.2 All Defendants' actions and material omissions intentionally and recklessly inflicted distress on plaintiff and caused severe emotional distress.

8.3 All Defendants' conduct was extreme and outrageous, and the distress inflicted upon plaintiff was so severe that no reasonable person could be expected to endure it.

8.4 All Defendants' behavior was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and is atrocious and utterly intolerable in a civilized society.

8.5 As a direct and proximate result of the acts of all defendants as complained of herein, Plaintiff suffered great and grievous emotional anguish and loss of freedom and liberty and continues to suffer emotional anguish. Plaintiff incurred legal expenses, fines and court costs in defending against the prosecution and in obtaining his freedom in amount to be proven at trial.

## IV. FIFTH CLAIM FOR RELIEF

**(State Law Claim -- Negligent Infliction of Emotional Distress)**

Plaintiffs realleges 1.1 through 8.5 and incorporates them herein by this reference.

9.1 All Defendants negligently inflicted emotional distress upon plaintiff by breaching duties owed to plaintiff, and such breaches proximately causing Plaintiff harm and injury in the form of emotional distress.

9.2 The emotional distress proximately caused by all Defendants and suffered by Plaintiff is within the scope of foreseeable harm of all Defendants' negligent conduct.

9.3 The distress suffered by Plaintiffs is a reasonable reaction given the circumstances presented herein.

9.4 Plaintiff has manifested objective symptomology of the emotional distress suffered as a proximate result of the conduct, actions, and material omissions by all Defendants.

9.5 As a direct and proximate result of the acts of all defendants as complained of herein, Plaintiff suffered great and grievous emotional anguish and loss of freedom and liberty and continues to suffer emotional anguish. Plaintiff incurred legal expenses, fines and court costs in defending against the prosecution and in obtaining his freedom in amount to be proven at trial.

## X. SIXTH CLAIM FOR RELIEF
### (State Law Claim -- False Arrest)

Plaintiffs realleges 1.1 through 9.5 and incorporates them herein by this reference.

10.1 Defendants Jesse Alden Wescott and Genevieve May false reporting and false statements made to law enforcement contributed to the plaintiff being falsely arrested.

10.2 All Defendants caused plaintiff to be unlawfully restrained and imprisoned.

10.3 All Defendants unlawfully violated plaintiff's right of personal liberty.

10.4 Plaintiff was restrained, imprisoned, and deprived of his liberty and freedom to remain in the place of his lawful choice.

10.5 Defendants Sean Eastham, Sgt. Johnathon Ashley, Nicholas A. Zimmerman, and Anthony Kimball Defendants participated in the unlawful arrest of plaintiff where no probable cause existed based upon the fact known and exculpatory facts withheld by law enforcement.

COMPLAINT FOR DAMAGES 11

Delano M. Thomas
2113 282nd Lane
Ocean Park, WA 98640
1 (503) 298-1881

10.6 The actions and material omissions by all Defendants, and each of them, directly and proximately caused injury and damages to plaintiff in an amount to be proved at trial.

## XIII. SEVENTH CLAIM FOR RELIEF
### (State Law Claim -- Negligence)

Plaintiffs realleges 1.1 through 10.6 and incorporates them herein by this reference.

11.1 Defendants Sean Eastham, Johnathon Ashley, Nicholas A. Zimmerman, and Anthony Kimball Defendants had a duty to ensure that plaintiff's constitutional rights were not violated and that he was not injured by their investigation and prosecution efforts, and any reports or other discovery was valid, did not contain false information, and did not omit material information, to include potential exculpatory evidence.

11.2 Defendants Sean Eastham, Johnathon Ashley, Nicholas A. Zimmerman, and Anthony Kimball had a duty to ensure that the police reports being executed were valid, did not contain false information, and did not omit material information.

11.3 Defendants Sean Eastham, Johnathon Ashley, Nicholas A. Zimmerman, and Anthony Kimball breached their duties owed to plaintiff.

11.4 The actions and material omissions by all Defendants, and each of them, directly and proximately caused injury and damages to plaintiff in an amount to be proved at trial.

## XIV. EIGTH CLAIM FOR RELIEF
### (State Law Claim -- Defamation)

Plaintiff realleges 1.1 through 11.4 and incorporates them herein by this reference.

12.1 All Defendants caused plaintiff's name to be posted in the newspaper and online stating that he had assaulted Wescott and was arrested and charged with two serious felony offenses.

12.2 As a proximate cause of all Defendants' actions plaintiff's reputation has been destroyed by the press releases and has caused emotional distress in an amount to prove at trial.

## XV. NINETH CLAIM FOR RELIEF

### (State Law Claim -- Abuse of Process)

Plaintiff realleges 1.1 through 12.2 and incorporates them herein by this reference.

13.1 All Defendants, and each of them, misused and misapplied a legal process for an end which the process was not designed to accomplish.

13.2 All Defendants' misuse and misapplication of legal processes was done maliciously and for a collateral objective, and with an ulterior purpose to cause the unlawful and unreasonable arrest, imprisonment, and prosecution of plaintiff, and to violate his constitutional rights.

13.3 All Defendants had an ulterior purpose to accomplish an object not within the proper scope of legal process and committed acts and material omissions in the use of legal process not proper in the regular prosecution of the proceedings.

13.4 All Defendants misused the judicial system's process to achieve an inappropriate end causing harm and injury to plaintiff and violate his federal rights, to include unreasonable and unlawful arrest and imprisonment, harassment and coercion.

13.5 The actions and material omissions by All Defendants, and each of them, directly and proximately caused injury and damages to plaintiff in an amount to be proved at the time of trial.

## XVI.   PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays that the Court:

1. Compensatory damage;

2. Punitive damages from the individual defendants on Plaintiff's claims under 42 U.S.C. section 1983;

COMPLAINT FOR DAMAGES 13

Delano M. Thomas
2113 282nd Lane
Ocean Park, WA 98640
1 (503) 298-1881

3. Costs, including reasonable attorneys' fees under 42 U.S.C. section 988 and to the extent otherwise permitted by law;

4. Such other relief as may be just and equitable.

5. Award actual, special, compensatory, and general damages to plaintiff;

6. Order punitive damages against the individual defendants, all of whom are being sued in their individual capacities as well as their official capacities;

7. Award attorney's fees and costs to the prevailing plaintiff; and

For such other and further relief as is just and equitable.

**DATED** this 24 day of November 2021.

_DELANO MARCIEL THOMAS_, Pro-se Litigant

COMPLAINT FOR DAMAGES 14

Delano M. Thomas
2113 282nd Lane
Ocean Park, WA 98640
1 (503) 298-1881